UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CRAIG LEE MILLER,

                Plaintiff,

v.                                                         Case No. 22-cv-595-pp

RACINE COUNTY, OCONTO COUNTY,
JON G. SPANSAIL, RAMEL BLY,
ERWIN BUTLER, and MELISSA NEPOMIACHI,

                Defendants.

---

**ORDER SCREENING COMPLAINT UNDER 28 U.S.C. §1915A, DISMISSING CASE FOR FAILURE TO STATE A CLAIM, DENYING MOTION TO SUPPLEMENT COMPLAINT (DKT. NO. 5) AND DENYING AS MOOT PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 6)**

---

      Craig Lee Miller, who is incarcerated at the Milwaukee Secure Detention Facility and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his civil rights. The plaintiff paid the full $402 civil filing fee. This decision screens his complaint, dkt. no. 1, and addresses his motion to supplement his complaint, dkt. no. 5, and his motion to appoint counsel, dkt. no. 6.

**I.    Screening the Complaint**

    A.    <u>Federal Screening Standard</u>

      Under the Prison Litigation Reform Act, the court must screen complaints brought by incarcerated plaintiffs seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the plaintiff raises claims

that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, "accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court liberally construes complaints filed by plaintiffs who are representing themselves and holds such complaints to a less

2
Case 2:22-cv-00595-PP   Filed 10/27/22   Page 2 of 20   Document 7

stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. The Plaintiff's Allegations

The complaint names as defendants Racine County, Oconto County, public defender Jon G. Spansail, "P.O[.] Agent" Ramel Bly, "Sup[ervisor]" Erwin Butler and attorney Melissa Nepomiachi. Dkt. No. 1 at 1. It alleges that Racine County has an "official policy, practice or custom" that deprived the plaintiff of his Fourth Amendment rights. Id. at 2. It alleges that Racine County convicted the plaintiff "under a Wisconsin statutory scheme permitting the use of prior refusal to submit to a warrantless blood test after arrest to increase the criminal penalty for a subsequent OWI [Operating While Intoxicated] that has been ruled unconstitutional." Id. (citing State v. Forrett 2021 and Wis. Stat. §343.307(1)(F)).

The complaint alleges that on December 23, 1992, the plaintiff was incarcerated for "implied consent OWI," which he says violated his Fourth Amendment rights and "also violat[ed] Birchfield, Dalton, Forrett." Id. at 3. He alleges that Oconto County, through Assistant District Attorney Lisa G. Rowe (who is not a defendant), "continued the official policy, practice or custom of knowingly violating the plaintiff Fo[u]rth Amendment." Id. The plaintiff alleges that on February 23, 2022, Rowe and District Attorney Edward D. Burke (also not a defendant) received an abstract of the plaintiff's driver record, which showed that three of his four OWI convictions "were implied consent

convictions." Id. He asserts that Rowe and Burke "continued to prose[c]ute [him] criminally" and set a $10,000 cash bond. Id.

The plaintiff attached a copy of his driving record. Dkt. No. 1-2 at 1, 3–5. That record shows four instances where the plaintiff's license was revoked or suspended for the stated reason "OWI—OPERATING WHILE INTOXICATED." Id.

- The document indicates that on March 18, 1989, an incident occurred which resulted in the plaintiff's license being revoked on April 18, 1989 for three years for the reason "IC-IMPLIED CONSENT REFUSAL DATE 03-18-1989;" on September 28, 1989, he was convicted in Racine County Circuit Court of operating while intoxicated. Id. at 5.
- The document shows that on January 6, 1991, an incident occurred which resulted in the plaintiff's license being revoked on February 5, 1991 for the reason "IC—IMPLIED CONSENT REFUSAL DATE 01-06-1991;" on June 6, 1991, he was convicted in Racine County Circuit Court of operating while intoxicated. Id. at 4.
- The document shows that on August 18, 1992, an incident occurred which resulted in the plaintiff's license being revoked on October 19, 1992 for "IC—IMPLIED CONSENT REFUSAL DATE 09-19-1992;" on December 23, 1992, he was convicted in Racine County Circuit Court of operating while intoxicated. Id. at 3–4.
- Finally, the document shows that on January 15, 1995, an incident occurred which resulted in the plaintiff's license being suspended for

"BAC-BLOOD ALCOHOL CONTENT VIOLATION DATE 01-15-1995;" on September 1, 1995, the plaintiff was convicted in Dane County Circuit Court of operating while intoxicated. Id. at 3.

The plaintiff asserts that Spansail, his public defender, was "working in concert with" ADA Rowe. Dkt. No. 1 at 3–4. He says that during his last court appearance with Spansail, he filed a motion to dismiss "based on [his] driving record and the [B]irchfield case." Id. at 4. The plaintiff says that Spansail "was to withdraw" at this hearing, but Spansail first informed the court that the next proceeding would be the plaintiff's preliminary hearing. Id. The court scheduled a date for the preliminary hearing "and then allow[ed] him to withdraw." Id. At the preliminary hearing, the court allegedly refused to allow his "implied consent issue to be heard." Id. The plaintiff asserts that Spansail "never acted on [his] behalf" to present "the implied consent issue with the Racine convictions," violating his Sixth Amendment rights. Id. He says Spansail had "no strategic reason to request a preliminary [hearing] for what should be a noncriminal proceeding." Id.

The plaintiff attached the criminal complaint filed in his Oconto County criminal case. Dkt. No. 1-2 at 7. The complaint, filed on February 2, 2022, charged the plaintiff with OWI "5th or 6th Offense." Id. The plaintiff also attached a page from his motion to dismiss that criminal case. Id. at 2. The plaintiff cited "[t]he Birchfield Court 136 S.C.t. 2185–86" for the proposition that "criminal penalties may not be imposed for the refusal to submit to a blood test under an implied consent law and in this context an enhanced sentence is

a crimi[nal] penalty." Id. He cited Dalton, 383 Wis. 2d 144, for the proposition that "[c]riminal penalties may not be imposed for the refusal under an implied consent law." Id. The plaintiff asked the state court to dismiss the criminal complaint filed against him. Id. The plaintiff's prosecution remains pending. See State of Wisconsin v. Craig L. Miller, Case No. 2022CF000025 (Oconto County Circuit Court) (available at https://wcca.wicourts.gov/).

The plaintiff alleges that Bly, his probation agent, and Butler, Bly's supervisor, "knowingly presented the implied consent convictions out of Racine well aware they violated [the plaintiff's] Fo[u]rth [A]mendment" rights. Dkt. No. 1 at 5. He says he sent Bly and Butler a copy of his motor vehicle record and "information on State v. Forrett 2021." Id. He says that information showed that he "no longer faced a felony nor OWI 6th but they continued violating [his] Fo[u]rth Amendment rights" by presenting the implied consent convictions from Racine County and "recommending [he] do 2 years in prison based on OWI 6th in violation of Birchfield, Dalton [and] Forrett." Id. The plaintiff says "the coconspritor's [*sic*]" denied his request for review and allowed the implied consent convictions "to be present in a criminal proceeding," which further violated his Fourth Amendment rights. Id.

The plaintiff attached information from Bly and Butler filed in his criminal case, describing the conduct that led to the plaintiff's pending criminal charges and revocation of his community supervision. Dkt. No. 1-2 at 8–10. That information shows that on February 4, 2022, the plaintiff admitted to consuming alcohol while at a casino in Green Bay, Wisconsin. Id. at 9. Police

stopped the plaintiff while he was driving home from the casino because he "made a wrong turn and was heading in the wrong direction." Id. He reported "using the telephone while driving for the reason he was swerving." Id. Officers found marijuana in the plaintiff's car during the stop. Id. The plaintiff "admitted to buying the marijuana when visiting MN for a family visit." Id. Based on that information, Bly and Butler recommended a "Very High" response level. Id. at 8. They noted the plaintiff's violation "criminal and is same as present offense(s) or prior pattern of criminal behavior." Id. They noted no mitigating factors. Id. The plaintiff requested administrative review of Bly and Butler's recommendation. Id. at 10. He again cited Birchfield and asserted it was not "fair to criminally punish [him] for convictions the Court has decriminalize[d] and not to answer [his] repeated requests" to Ely and Butler about their recommendation. Id.

The plaintiff asserts that his public defender (presumably Spansail) "refused to challenge the use's [*sic*] of [his] previous[] co[n]victions" based on implied consent in his criminal hearings. Dkt. No. 1 at 5. He asserts that Attorney Nepomiachi "said it was OK because [he] was convicted a second time [and] the implied consent conviction did not count." Id. The plaintiff opines that "this is being done to [him] in retaliation for pending litigation" in case number 18-cv-1126-pp.[1] Id. at 6.

---

[1] The plaintiff has a pending civil rights case before this court; none of the people the defendant sued in that case are defendants in this one. Miller v. Straks, Case No. 18-cv-1126-pp (E.D. Wis.).

On October 4, 2022, the court received from the plaintiff a document titled "Amended Complaint." Dkt. No. 5. But in the body of the pleading, the plaintiff says he "moves to add the above named defendants." Id. at 2. Although the plaintiff filed this motion on the court's "Amended Complaint" form, the court construes it as a motion to supplement the complaint by adding defendants and claims against them.

The supplement names Regional Chief Neil L. Thoreson, Administrators Lance K. Wiersma and Brian Hayes and Administrative Law Judge Kristine M. Kerig. Id. at 1. The plaintiff says Thoreson was "put on notice of the Fourth Amendment violation by useing [sic] the unconstitutional OWI convictions out of Racine for 1989, 1991, 1992," but that he and Wiersma "express there approval [sic]" and "failed to take any measures to stop the violations." Id. at 2–3. The plaintiff alleges Kerig and Hayes "relied on these convictions in part to justify returning the plaintiff to prison for 2 years 1 month 9 day a very high response level based on OWI 6th." Id. at 3. The plaintiff maintains he is not challenging his conviction in Case No. 2004CF000791[2] but instead is challenging state officials in "first convicting [him] in violation OWI and then knowingly useing [sic] these unconstitutional convictions without any regards

---

[2] In Wisconsin v. Craig Lee Miller, 2004CF000791 (Racine County Circuit Court) (available at https://wcca.wicourts.gov), the plaintiff was charged with one count of first-degree reckless injury, a Class D felony, in violation of Wis. Stat. §940.23(1)(a), with a modifier for use of a dangerous weapon under Wis. Stat. §939.63. On June 23, 2005, the plaintiff—represented by counsel—pled guilty. On September 20, 2005, the plaintiff was sentenced to ten years in prison and ten years of supervised release, with credit for 344 days of time served. Id.

to [his] constitutional rights or the federal laws as articulated in BirchField 579 US 438." Id.

The plaintiff attached to the supplement an updated, more legible driving record that includes the same information he attached to the complaint. Dkt. No. 5-1 at 1–6. He also attached records from his earlier OWI convictions, but several of those pages look like negatives and are difficult to read. Id. at 8, 10–12. The plaintiff also attached the orders revoking his license, id. at 13–20, and the violation summary from his February 2022 arrest that the court discusses above, id. at 21–24.

The complaint and the supplement demand unspecified injunctive relief against "D.O.C./State of Wisconsin" and $100 million dollars in damages. Id. at 4; Dkt. No. 1 at 4.

C. Analysis

It is somewhat difficult to follow how the plaintiff's allegations relate to one another, but the court has pieced together the following chronology:

The plaintiff alleges that in September 1989, June 1991 and December 1992, he accrued convictions in Racine County Circuit Court for operating while intoxicated, based on his refusal to consent to something—he says it was his refusal to consent to a warrantless blood test.

In 2005, the plaintiff was convicted of first-degree reckless injury and sentenced to ten years in prison followed by ten years of extended supervision. The Wisconsin Department of Corrections inmate locator site shows that the plaintiff entered the Department of Corrections system on October 16, 2005

and was released on extended supervision on September 30, 2014; while he was in and out of the Department of Corrections in the following years, relevant to his claims here is the fact that he was released from a corrections hold on January 7, 2022.

On February 4, 2022, the plaintiff had an encounter with police while trying to drive home from a casino in Green Bay. He admitted drinking and possessing marijuana. He alleges that his probation officer and the probation officer's supervisor recommended that he receive two years in prison and "presented" his Racine County Circuit Court OWI convictions. On February 7, 2022, the plaintiff was charged in Oconto County Circuit Court with OWI 5th or 6th (a Class G felony) and operating with a prohibited alcohol level (a Class G felony). That case remains pending. At some point, the administrative law judge named in the supplement revoked the plaintiff's supervision and sentenced him to just over two years in prison.

The plaintiff says that in recounting this series of events, he is not challenging his conviction in the 2004 reckless injury case. The court does not doubt the truth of that statement. What the plaintiff *is* doing, however, is challenging his Racine County OWI convictions from 1989, 1991 and 1992 (presumably so that they cannot be used as priors to justify the OWI 5th or 6th charge pending in Oconto County Circuit Court); alleging that his probation officer and the probation officer's supervisors, who presumably recommended revocation of his extended supervision and may have referred the February 4, 2022 incident to the Oconto County District Attorney's Office, violated his civil

10
Case 2:22-cv-00595-PP   Filed 10/27/22   Page 10 of 20   Document 7

rights in doing so; alleging that the administrative law judge and an "administrator" who revoked his extended supervision and ordered him returned to prison violated his civil rights in doing so; and alleging that some of the people involved in the pending Oconto County prosecution (the county itself, his former defense attorney and a lawyer named Melissa Neponiachi whose role is unclear) have been or are violating his civil rights.

The plaintiff's challenges to his 1989, 1991 and 1992 OWI convictions are without merit. First, it is far too late for him to raise any civil rights claims regarding these convictions. "In § 1983 actions, state law provides the applicable statute of limitations; specifically, we look to 'the statute of limitations for personal injury actions in the state in which the alleged injury occurred.'" Milchtein v. Milwaukee Cty., 42 F.4th 814, 822 (7th Cir. 2022) (quoting Behav. Inst. of Ind., LLC v. Hobart City of Common Council, 406 F.3d 926, 929 (7th Cir. 2005)). At the time the plaintiff accrued these convictions, the Wisconsin statute of limitations for such lawsuits was six years. Id. (citing Wis. Stat. §893.53 (2015)). The plaintiff filed this federal §1983 lawsuit on May 18, 2022—some twenty-nine years after the events that led to the last Racine County OWI conviction. Second, the Supreme Court long ago held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). In suing Racine County for his 1989, 1991 and 1992 OWI convictions, the plaintiff seeks damages for alleged unconstitutional convictions. He cannot seek those damages through a §1983 civil rights suit unless he can demonstrate that those convictions have been reversed, expunged, declared invalid or called into question on collateral attack.

The plaintiff's allegations against probation agents Bly and Butler for recommending revocation of his extended supervision based on the February 4, 2022 traffic stop also are without merit. A probation officer's actions taken to initiate revocation proceedings are "closely associated with the quasi-judicial phase of the criminal process," which means that a probation officer taking such action is "entitled to absolute immunity." Mays v. Johnson, 850 F. App'x 981, 982 (7th Cir. 2021) (citing Tobey v. Chibucos, 890 F.3d 634, 650 (7th Cir. 2018)). "Under the applicable Wisconsin regulations, *see* WIS. ADMIN. CODE DOC § 331.03(2), parole agents have the discretion to decide how they will proceed after investigating an alleged parole violation; they might recommend revocation, resolve the matter in an informal counseling session, or come up with another solution altogether." Id. "'[F]iling requests for revocation are not violations of section 1983; they are [part of] the job description for the often thankless job of probation officer.'" Id. (quoting Tobey, 890 F.3d at 650).

The court has reason to know from past cases that Neil Thoreson, whom the plaintiff wishes to add to the complaint, is a "regional chief of probation and parole." Blizzard v. Thoreson, No. 19-CV-524-PP, 2019 WL 4141261, at *3

12

(E.D. Wis. Aug. 30, 2019). Lance Wiersma, whom the plaintiff wishes to add, is the division administrator of the Wisconsin Department of Corrections' Division of Community Corrections. https://doc.wi.gov/Pages/AboutDOC/CommunityCorrections/Default.aspx. The plaintiff alleges that Thorsen was put on notice of the use of Racine convictions, and that Thorsen and Wiersma expressed their approval and did not act to stop the violations. He points to an April 1, 2022 letter from Thorsen, advising the plaintiff that Thorsen had reviewed the concerns the plaintiff had expressed in a March 27, 2022 letter and had concluded that revocation was appropriate and warranted (and in which Thorsen advised the plaintiff that he could convey his concerns to the administrative law judge). Dkt. No. 1-2 at 11. He points to a similar letter from Wiersma dated April 13, 2022, in which Wiersma concludes that the Division of Community Corrections had correctly handled the revocation proceedings and advises the plaintiff to speak with his appointed attorney and present his concerns to the administrative law judge. Id. at 12.

The court will not allow the plaintiff to proceed on his claims against Thoreson and Wiersma. As the court has noted, probation/parole officers are absolutely immune from taking actions to initiate revocation. Further, although the plaintiff claims Thorsen was "put on notice" of constitutional violations, he did not provide the court with his letter to Thorsen, so the court has no way of knowing what, if anything, the plaintiff gave Thorsen notice of.

The plaintiff also seeks to sue administrative law judge Kristine Kerig for considering the plaintiff's past convictions when deciding to revoke the

plaintiff's extended supervision and return him to prison. "The doctrine of absolute immunity protects the integrity of the judicial process by ensuring that timorous judges can act on their best view of the merits, rather than trying to limit harassment by disappointed litigants." Coleman v. Dunlap, 695 F.3d 650, 652 (7th Cir. 2012) (citation omitted). "Judicial immunity extends to acts performed by the judge 'in the judge's *judicial capacity*.'" Dawson v. Newman, 419 F.3d 656, 661 (7th Cir. 2005) (quoting Dellenbach v. Letsinger, 889 F.2d 755, 758 (7th Cir. 1989) (emphasis in the original). Courts consider several factors when determining whether an act is entitled to judicial immunity: whether it involved the exercise of discretion or judgment, whether it is an act that is normally performed by a judge and whether the parties dealt with the judge as judge. Id. (citing Lowe v. Letsinger, 772 F.2d 308, 312 (7th Cir. 1985)). Holding a revocation hearing and deciding to revoke a supervisee's extended supervision are acts that involve the exercise of discretion and judgment, are acts that normally are performed by judges and that require the parties to deal with the judge as a judge. Judge Kerig is immune from the plaintiff's claim against her.

The plaintiff also wants to add to the complaint as a defendant Brian Hayes, who is the administrator of the Division of Hearings and Appeals for the State of Wisconsin. https://doa.wi.gov/Pages/LicensesHearings/ DHAAdminBiography.aspx. The plaintiff appears to wish to add Hayes for no other reason than he is a supervisor. "An official may be liable in a supervisory capacity if he was 'personally involved in [a] constitutional violation.'"

Milchtein, 42 F.4th at 824 (quoting Gill v. City of Milwaukee, 850 F.3d 335, 344 (7th Cir. 2017)). "This might occur if a supervisor knowingly facilitates, approves, or condones constitutional violations carried out by his subordinates." Id. (citing Matthews v. City of E. St. Louis, 675 F.3d 703, 708 (7th Cir. 2012)). The plaintiff has not alleged any facts indicating that Hayes was aware of his revocation or the basis for it. The plaintiff may not proceed against Hayes.

That leaves the pending Oconto County case. As it appears the plaintiff is aware, "a person who is being prosecuted by a state for violating its laws is not allowed to derail the prosecution by bringing a suit in federal court to enjoin the prosecution on the ground that the state statute on which it is based is unconstitutional." Hoover v. Wagner, 47 F.3d 845, 848 (7th Cir. 1995). "His remedy is to plead the unconstitutionality of the statute as a defense in the state court proceeding." Id. A federal court may interfere in a state criminal proceeding only "under extraordinary circumstances where the danger of irreparable loss is both great and immediate." Younger v. Harris, 401 U.S. 37, 45 (1971) (internal quotation marks and citation omitted). The Supreme Court has emphasized that, before a federal court may intervene, "the threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution." Id. at 46. The rule in Younger "is designed to permit state courts to try state cases free from interference by federal courts." Forty One News, Inc. v. Cty. of Lake, 491 F.3d 662, 665 (7th Cir. 2007) (citations omitted). The court presumes that the state

15
Case 2:22-cv-00595-PP   Filed 10/27/22   Page 15 of 20   Document 7

court is "capable of establishing and administering judicial process consistent with the requirements of the federal constitution, and 'that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary.'" Barichello v. McDonald, 98 F.3d 948, 954–55 (7th Cir. 1996) (quoting Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 15 (1987)).

The plaintiff has not alleged any extraordinary circumstances that would justify this court interfering in his pending state-court criminal case. He argues that OWI convictions from Racine County cannot be used against him because they are based on his refusal to consent to a blood draw. He has the right to raise that issue in the state prosecution. Indeed, the publicly available docket indicates that on May 16, 2022—after Attorney Spansail had been allowed to withdraw—the court received from the plaintiff a motion to modify charges. On July 25, 2022, the court received a letter from the plaintiff "re: implied consent issue." It appears that to date, the court has not held a hearing on the motion. See Wisconsin v. Miller, Case No. 2022CF000025 (Oconto County Circuit Court) (available at https://wcca.wicourts.gov/). This court does not have the authority to decide an issue pending before the state court in an open criminal case. If the Oconto County Circuit Court eventually disagrees with the plaintiff's views on the use of his Racine County OWI convictions, he will be able to appeal.

The plaintiff asserts that his previous public defender, Jon Spansail, provided ineffective assistance in the Oconto County case. Spansail was the plaintiff's public defender from April 18 to May 2, 2022, when the court granted

16

his request to withdraw from representation. See id. The proper mechanism for bringing an ineffective assistance claim is a petition for a writ of *habeas corpus* under 28 U.S.C. §2254; a plaintiff cannot bring such a claim in a civil rights lawsuit filed under §1983. See Preiser v. Rodriguez, 411 U.S. 475, 488–90 (1973); Moran v. Sondalle, 218 F.3d 647, 650–51 (7th Cir. 2000). To the extent the plaintiff seeks to sue Spansail for his alleged role in the pending Oconto County prosecution, he has not stated a claim. Section 1983 allows a person to sue someone for violating the person's civil rights while acting under color of state law. "Lawyers, even those appointed by the court, do not act under color of state law merely by representing their clients and responding to court orders." Hallett v. Brehm, 844 F. App'x 919, 919 (7th Cir. 2021) (citing Polk Cty. v. Dodson, 454 U.S. 312, 325 (1981); Cornes v. Munoz, 724 F.2d 61, 62 (7th Cir. 1983)). The plaintiff cannot sue Spansail under §1983 for the representation Spansail provided in the plaintiff's pending state criminal case. As for Attorney Nepomiachi, the plaintiff does not explain whether she was appointed (her name does not appear on the Oconto County docket) or how he came to talk with her. Even assuming she acted as his lawyer in the Oconto County case, the plaintiff could not sue Nepomiachi for the same reasons he cannot sue Spansail.

Finally, the plaintiff believes that he was arrested in February 2022, charged and had his supervision revoked in retaliation for filing his pending lawsuit in Miller v. Straks, Case No. 18-cv-1126-pp (E.D. Wis.). This claim has no merit. In Miller v. Straks, the plaintiff has alleged that a former

independently contracted nurse manipulated and sexually abused him for years while he was incarcerated. Id. at Dkt. Nos. 1, 12. Defendant Straks was not a state employee at the time of the events alleged in the complaint, no longer works for the third-party agency (Total Med Staffing) and is not represented. Id. at Dkt. No. 50 at 1–2. She has declined to defend against the plaintiff's lawsuit, and the clerk of court twice has entered notice of her default. Dkt. No. 61. There are no state defendants in that case, the State of Wisconsin is not a party and none of the defendants the plaintiff originally named in that lawsuit are defendants in this case. The court has no reason to believe that in 2022, probation officers, administrative law judges, assistant district attorneys, defense attorneys and others would retaliate against the plaintiff for a lawsuit he filed years earlier alleging that his rights were violated by a contract nurse while he was incarcerated on unrelated charges.

The complaint fails to state a claim for which this court may grant relief. The court will dismiss the complaint and deny the plaintiff's motion to supplement. If the plaintiff wants to challenge his pending criminal prosecution, or if he seeks dismissal of the criminal complaint, he must do so in state court. He may challenge his revocation through the state's administrative procedures. He cannot challenge his pending criminal prosecution or use of his past convictions in that litigation or in the revocation proceedings through a lawsuit filed under §1983.

## II. Motion to Appoint Counsel

On October 26, 2022, the plaintiff filed a motion, asking the court to appoint him counsel. Dkt. No. 6. Because the court is dismissing the plaintiff's complaint, it will deny his motion to appoint counsel as moot.

## III. Conclusion

The court **DENIES** the plaintiff's motion to supplement his complaint. Dkt. No. 5.

The court **ORDERS** that this case is **DISMISSED** under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim. The clerk will enter judgment accordingly.

The court will document that the plaintiff has incurred a "strike" under 28 U.S.C. §1915(g).

The court **DENIES AS MOOT** the plaintiff's motion for appointment of counsel. Dkt. No. 6.

The court will email a copy of this order to DLSFedOrdersEastCL @doj.state.wi.us.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty days of the entry of judgment. See Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. See Fed. R. App. P. 4(a)(5)(A).

19

Case 2:22-cv-00595-PP   Filed 10/27/22   Page 19 of 20   Document 7

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Rule 59(e) must be filed within twenty-eight days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ P. 6(b)(2). Any motion under Rule 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 27th day of October, 2022.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**