UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CRAIG LEE MILLER,

                Plaintiff,

v.                                           Case No. 22-cv-595-pp

RACINE COUNTY, OCONTO COUNTY,
JON G. SPANSAIL, RAMEL BLY,
ERWIN BUTLER and MELISSA NEPOMIACHI,

                Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT (DKT. NO. 10) AND DENYING PLAINTIFF'S MOTION IN SUPPORT OF RULE 60(B) MOTION (DKT. NO. 13)**

---

On October 27, 2022, the court screened plaintiff Craig Lee Miller's complaint under 42 U.S.C. §1983 and dismissed it because it failed to state a claim. Dkt. No. 7. The court found that the plaintiff's challenges to his Racine County Operating While Intoxicated (OWI) convictions from 1989, 1991 and 1992 "[were] without merit." Id. at 11. The court explained that "it is far too late for [the plaintiff] to raise any civil rights claims regarding these convictions" because the relevant statute of limitations was six years at the time of those convictions, and the plaintiff brought this lawsuit "some twenty-nine years after the events that led to the last Racine County OWI conviction." Id. The court also explained that under Heck v. Humphrey, 512 U.S. 477, 486–87 (1994), the plaintiff could not seek "damages through a §1983 civil rights suit unless he can demonstrate that those convictions have been reversed,

expunged, declared invalid or called into question on collateral attack," which he had not done. Id. at 11–12.

The court also concluded that the plaintiff could not proceed against any of the individuals he had named as defendants. Id. at 12–17. The court explained that the probation agents and officials the plaintiff sued are entitled to absolute immunity for their roles in the plaintiff's parole violation or revocation proceedings. Id. at 12–13. The court explained that defendant Kristine Kerig, who is an administrative law judge, also is entitled to absolute immunity for her role in revoking the plaintiff's extended supervision. Id. at 13–14. The court did not allow the plaintiff to proceed against defendant Brian Hayes, against whom the plaintiff alleged only that he is a supervisor. Id. at 14–15. The court did not allow the plaintiff to proceed against his current or former attorneys and advised him that the appropriate mechanism for bringing a claim of ineffective assistance is a *habeas* petition. Id. at 16–17. Finally, the court explained that it would not intervene in the plaintiff's pending Oconto County case because he alleged no "extraordinary circumstances that would justify this court interfering in his pending state-court criminal case." Id. at 15–16.

The court dismissed the complaint and denied the plaintiff's motion to supplement it. Id. at 18. The court advised the plaintiff that he could challenge his pending criminal prosecution or his revocation in state court, but he "cannot challenge his pending criminal prosecution or use of his past

convictions in that litigation or in the revocation proceedings through a lawsuit filed under §1983." Id.

On August 21, 2023—nearly ten months after the court dismissed the case and entered judgment—the court received a letter from the plaintiff. Dkt. No. 9. The plaintiff's letter asks the court "to look at this case because it show [*sic*] the lack of respect this State and the Wisconsin Court in general have for the Federal Courts[.]" Id. at 1. The plaintiff continues, "there is also the long held feeling the Constitution do [*sic*] not apply to blacks this is why I'm still being prosecuted by this court and the State in this case. 22-CF-25 OWI." Id. The plaintiff included with his letter to this court a hand-written letter that he wrote to the Oconto County Circuit Court in his still-pending Oconto County Court case (22CF25), in which he contests the state court's appointment of an attorney and challenges his previous OWI convictions. Id. at 2–4. The plaintiff attached to these letters a January 18, 2023 email sent from an assistant district attorney to the plaintiff's attorney in his state case to "try and sort out the issues, and see where we can agree." Dkt. No. 9-1 at 1. He also attached two pages from the U.S. Supreme Court's decision in Birchfield v. North Dakota, upon which the plaintiff relied heavily in the dismissed §1983 complaint. Id. at 2–3.

On September 11, 2023, the court received the plaintiff's motion for relief from the judgment under Federal Rule of Civil Procedure 60(b). Dkt. No. 10. The plaintiff wrote the motion on a civil complaint form, but he specifies that he seeks "relief from the Judgment in this case against Racine County at this

3

time and only Racine County." Id. at 2. The plaintiff discusses his OWI convictions from April 17, 1989, February 5, 1991, and October 19, 1992 and again argues that the "implied consent" statute has been held unconstitutional since these convictions occurred. Id. at 2–3. He cites State v. Prado, 960 N.W. 2d 869 (Wis. 2021), which he says shows that "the 'implied consent' statute as it was written at the time of convictions in this case has been held unconstitutional." Id. at 3. The plaintiff details his "motor vehicle record," which the court will not recount again. Id. at 3–4. The plaintiff says that his attorney in his pending Oconto County case "do[es] not understand [his] motor vehical [*sic*] record and is convinced as is the State that the motor vihical [*sic*] record contains a separate OWI." Id. at 4. The plaintiff attached a page of a transcript from a July 19, 2022 status conference that he says shows that his attorney in his Oconto County case "don't have a clue." Id. The plaintiff says that he did not attach the transcript page "to add Oconto County [he] just wanted the Court to see what is going on." Id. He asserts that he "should be allowed to go forward against Racine County," and he contests the court's conclusion that Heck bars his claim "because the claims [he is] suing Racine County for 1989, 1991, and 1992 OWI convictions, are unconstitutional based on ruling in". Id. That page of the plaintiff's motion ends midsentence, and there is no additional page that finishes the plaintiff's sentence. Id. The court can infer that the plaintiff was going to cite to one of the cases he has cited in his filings to date: Birchfield, Prado or Forrett. See id. at 3; Dkt. No. 7 at 3, 5–7, 9.

The page of the transcript that the plaintiff attached to his motion begins in the middle of a statement from the plaintiff. Dkt. No. 10-1 at 1. He asks the court, "Look, is there some way short of us going through this preliminary hearing, arraignment? I want to save the taxpayers some money, and I'm trying to avoid spending—I'm 66 years old. My last conviction, your Honor, was almost 13 years ago. My wife died. I had a drink." Id. The court asks the prosecutor to weigh in on the matter. Id. The prosecutor says the following:

> Judge, I have looked at his driver's record. It's a certified copy. I can tell the Court that the State is not relying on implied consent convictions to prove the priors. There are in fact four other OWI convictions, three from Racine and one from Dane, that the State is relying on to show that this this is a fifth.
>
> Now, some and maybe all of them, I don't know, also have companion implied consent convictions. So maybe that's why [the plaintiff] is confused or perhaps why Mr. Spansail did not want to file the motion because we know that we can't count implied consent convictions, but we can count OWI convictions.

Id. The plaintiff also attached orders of revocation dated November 1, 1989, August 2, 1991 and February 17, 1993. Id. at 2–4. The plaintiff previously attached these same documents to his motion to supplement his complaint. Dkt. No. 5-1 at 18–20.

The plaintiff's Oconto County case remains pending. See State v. Miller, Oconto County Case 2022CF25, available at https://wcca.wicourts.gov/. The plaintiff's previous counsel, whose effectiveness he challenges, withdrew from representing the plaintiff on October 31, 2023. Id. It appears the plaintiff is now representing himself. A status conference is scheduled for December 18, 2023. Id.

Since the plaintiff filed his Rule 60(b) motion, he also has filed:

- a letter in which the plaintiff says he is "about to lose our home" and asks for consideration of attached documents from Dane County Case 2022CV1441, a foreclosure proceeding. Dkt. No. 11.

- a letter and "supporting evidence," which is the plaintiff's "Prior Arrest/Conviction Listing" and the same February 17, 1993 order of revocation. Dkt. No. 12.

- a "Motion in Support of Rule 60(b)," which is a letter in which the plaintiff again discusses his motor vehicle record, challenges his implied consent convictions and cites Prado. Dkt. No. 13.

- a letter asserting that the court should "allow [him] to move forward against Racine County" based on his purportedly unconstitutional implied-consent convictions. Dkt. No. 14. The plaintiff attached a page from his list of convictions, dkt. no. 14-1, which he previously attached to his motion to supplement his complaint, dkt. no. 5-1 at 4.

- a request for "clarification" regarding the statement from the special prosecutor during the July 19, 2022 status conference (the page of the transcript attached to his motion). Dkt. No. 15. The plaintiff again cites the Birchfield, Dalton and Forrett cases and asks, "Why is the Court not allowing [him] to move forward?" Id. at 1–2.

- a "Supplemental argument to Federal 60(b) Motion," in which the plaintiff reiterates his arguments about his motor vehicle record and

his 1989, 1991 and 1992 implied-consent convictions. Dkt. No. 16. He again cites Prado and Birchfield. Id. at 2.

Federal Rule of Civil Procedure 60(b) allows a federal court to relieve a party from a final judgment, order or proceeding for several reasons, including 1) "mistake, inadvertence, surprise, or excusable neglect;" 2) newly discovered evidence; 3) fraud, misrepresentation, or misconduct by an opposing party; or 6) "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1)–(3) & (6). Granting relief under Rule 60 "is limited to 'extraordinary' situations where a judgment is the inadvertent product of 'special circumstances and not merely [the] erroneous application[ ] of law.'" Kennedy v. Schneider Elec., 893 F.3d 414, 419 (7th Cir. 2018) (quoting Russell v. Delco Remy Div. of Gen. Motors Corp., 51 F.3d 746, 749 (7th Cir. 1995)). The moving party must demonstrate "exceptional circumstances" warranting relief. Rodriguez v. Plymouth Ambulance Serv., Case No. 06-C-1091, 2007 WL 9730284, at *1 (E.D. Wis. Jan. 8, 2007) (citing Harrington v. City of Chicago, 433 F.3d 542, 546 (7th Cir. 2006), and Karraker v. Rent-A-Center, Inc., 411 F.3d 831, 837 (7th Cir. 2005)). A motion under Rule 60(b) "should not be treated as a substitute for an appeal." Inryco, Inc. v. Metro. Eng'g Co., 708 F.2d 1225, 1230 (7th Cir. 1983).

The plaintiff has not identified any special or extraordinary circumstances warranting relief from the judgment. He has not specified the subsection of Rule 60(b) that he believes applies to his case and warrants the court relieving him of the judgment. The plaintiff reiterates his arguments about why the court should allow him to proceed against Racine County based

on what he believes to be unconstitutional OWI convictions from over thirty years ago. The plaintiff attached several documents he previously filed and a few new documents, but he does not always explain the relevance of the new documents. He repeatedly asserts that his 1989, 1991 and 1992 convictions are unconstitutional based on court decisions that have occurred since, and he implores the court to allow him to proceed against Racine County under §1983 for violating his Fourth Amendment rights.

None of the plaintiff's arguments challenge the court's conclusion that he is time-barred from proceeding on a claim about those convictions in a federal case under §1983 and that even if he were not, he is barred from seeking damages for those allegedly unconstitutional convictions. The plaintiff insists that his prior convictions are unconstitutional, and thus that Heck should not apply. But he does not provide any documents or information showing that any of his past convictions "have been reversed, expunged, declared invalid or called into question on collateral attack." Dkt. No. 7 at 12. The plaintiff's insistence that his convictions are unconstitutional does not warrant the court ignoring Heck and allowing him to seek damages based on those convictions. To avoid the conclusion in Heck, the plaintiff must provide this court with a *court decision* invalidating his previous convictions; otherwise, Heck bars him from seeking damages in federal court under §1983 based on convictions that, as far as the court is aware, have not been overturned. If the plaintiff believes the court got it wrong in the previous order, his proper recourse was to file an appeal to the Court of Appeals for the Seventh Circuit. He did not do so.

As the court explained in the previous order, the plaintiff must challenge the use of his past convictions—and the past convictions themselves—in state court. He cannot, through a federal lawsuit filed under §1983, challenge those convictions or seek damages based on their use in his pending criminal case (or in his past cases). Because the plaintiff has not identified any basis for the court to relieve him from the court's judgment of dismissal, the court will deny his motion.

The plaintiff previously has filed three or more lawsuits that were dismissed for failure to state a claim, which means that under 28 U.S.C. §1915(g), he cannot proceed in any new lawsuit without first paying the full filing fee. If the plaintiff continues to file lawsuits raising issues that the court has determined have no merit, the court has the authority to sanction him for abusing the judicial process. Such sanctions can include an order barring the plaintiff from filing further lawsuits for a period of time.

The court **DENIES** the plaintiff's motion for relief from judgment under Federal Rule of Civil Procedure 60(b). Dkt. No. 10.

The court **DENIES** the plaintiff's motion in support of his Rule 60(b) motion. Dkt. No. 13.

Dated in Milwaukee, Wisconsin this 12th day of December, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
Chief United States District Judge**